1   Bingham McCutchen LLP
    WALTER M. STELLA (SBN 148215)
2   walter.stella@bingham.com
    BRYAN E. DALEY (SBN 227517)
3   bryan.daley@bingham.com
    Three Embarcadero Center
4   San Francisco, CA  94111-4067
    Telephone:  415.393.2000
5   Facsimile:  415.393.2286

6   Attorneys for Defendants
    UBS Financial Services Inc. (also sued as UBS/Paine
7   Webber) and UBS PartnerPlus Plan (erroneously sued as
    UBS/Paine Webber Partner's Plus)

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13  Alva Gene Thaning,                      No. 07-5528 MJJ

14          Plaintiff,                      **[PROPOSED] ORDER GRANTING
                                            DEFENDANTS' MOTION TO
15       v.                                 COMPEL ARBITRATION AND
                                            STAY PROCEEDINGS**
16  UBS/Paine Webber, UBS/Paine Webber Partner's
    Plus, UBS Financial Services, Inc.,     Date:      February 26, 2008
17                                          Time:      9:30 a.m.
            Defendants.                     Place:     Courtroom 11, 19th Flr.
18                                          Judge:     Hon. Martin J. Jenkins

19

20

21

22

23

24

25

26

27

28

A/72381240.1
                                                         CASE NO.: 07-5528 MJJ

1  **I.    BACKGROUND**

2           Defendants UBS Financial Services Inc., (also sued as UBS/Paine Webber) and

3  UBS PartnerPlus Plan (erroneously sued as UBS/Paine Webber Partner's Plus) have moved for

4  an order staying litigation of this action and compelling Plaintiff Alva Gene Thaning

5  ("Thaning") to arbitrate his claims before the Financial Industry Regulatory Authority

6  ("FINRA")[1]

7           Thaning is a former employee of defendant UBS Financial Services Inc.

8  ("UBSFS").  UBSFS hired Thaning as a broker (now known as "financial advisor") trainee in

9  December 1987 through its predecessor, PaineWebber Incorporated.  (Complaint at p.3, ¶ 2.)  At

10 that time, Thaning executed a Uniform Application for Securities Industry Registration or

11 Transfer ("Form U-4") for the purpose of becoming a "registered representative" with the

12 NASD.  (Declaration of Michael O'Connell ("O'Connell Declaration") at ¶ 2; *see* Form U-4

13 attached as Exhibit "A" to O'Connell Dec.).

14          By signing the Form U-4 and registering with FINRA, Thaning agreed to abide by

15 FINRA's rules regarding arbitration.  Page 4, Paragraph 5, of Thaning's Form U-4 provides:

16                I agree to arbitrate any dispute, claim or controversy that may arise
               between me and my firm, or a customer, or any other person, that
17             is required to be arbitrated under the rules, constitutions, or by-
               laws of the organizations with which I register, as indicated in item
18             10 as may be amended from time to time.

19 (O'Connell Dec. ¶ 2, Ex. A.)  Among the organizations listed in item 10 of Thaning's Form U-4

20 is the NASD.  (*Id.* ¶ 2, Ex. A. at p.1.)  Further, on at least two occasions related to a customer

21 complaint, Thaning was provided with written confirmation of his obligations under the Form U-

22 4 agreement to arbitrate disputes, including disputes between him and USBSFS.  (*Id.* ¶ 3, Ex. B

23 and Ex. C.)  These written confirmations of Thaning's obligation to arbitrate were made in

24 November 2001 and February 2003.  (*Id.*)

25

26 [1] FINRA, created in July 2007, is the successor entity of the consolidation of two self-regulatory
27 organizations – the NASD and the enforcement unit of the New York Stock Exchange.  Thus, all
   references to "FINRA" herein include the NASD as well.

28

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS

1    The NASD Code of Arbitration Procedure for Industry Disputes (the "Code")

2    provides that the claims Thaning has asserted against UBSFS are required to be arbitrated before

3    FINRA:

4    
> Except as otherwise provided in the Code, a dispute must be
> arbitrated under the Code if the dispute arises out of the business

5    
> activities of a member or an associated person and between or
> among: Members; Members and Associated Persons; or

6    
> Associated Persons.

7    NASD Code § 13200(a).[2]  UBSFS, as a registered securities broker/dealer was, at all relevant

8    times, and currently is a member of the FINRA, NYSE and other regulatory organizations.

9    (O'Connell Dec. ¶ 4.)

10    The Plan in effect at the time of Thaning's termination also requires that he

11    submit his claims to arbitration.  Specifically, Page 18, Paragraph 11.2 states:

12    
> **Arbitration.**  Subject to exhaustion of the procedures set forth in
> Section 11.1, in the event of any dispute, claim or controversy

13    
> involving a Participant or any other claimant and the Plan, or UBS
> Financial Services or any Sponsor, arising out of the Plan, any

14    
> such controversy shall be resolved before an NASD arbitration
> panel in accordance with the arbitration rules of the NASD.

15    

16    (O'Connell Dec., ¶ 5, Ex. D.)[3]

17    **II.    LEGAL STANDARD**

18    The Federal Arbitration Act declares that agreements to arbitrate "shall be valid,

19    irrevocable, and enforceable."  9 U.S.C. § 2.  The Supreme Court has unanimously held that "the

20    Act leaves no place for exercise of discretion by a district court, but instead mandates that district

21    courts *shall* direct the parties to arbitration on issues as to which an arbitration agreement has

22    been signed."  *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in

23    _____

24    [2] Despite the consolidation of the NASD and NYSE, and the name change to the FINRA, the
NASD Code currently applies to arbitration proceedings before FINRA.

25    [3] Likewise, the previously operative plan under which Thaning erroneously sues states:
"**Arbitration.**  Subject to exhaustion of the procedures specified in Sections 11.1 through 11.3

26    hereof, in the event of any dispute, claim or controversy involving a Participant or any other
claimant and the Plan, or PaineWebber or any Sponsor, arising out of the Plan, any such

27    controversy shall be resolved before a NASD arbitration panel in accordance with the arbitration
rules of the NASD."  (Complaint, Ex. B.)

28    

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS

1   original).  Consequently, when confronted with a motion to compel, the Court's role "is strictly

2   limited to determining arbitrability and enforcing agreements to arbitrate, leaving the merits of

3   the clam and any defenses to the arbitrator."  *Chiron Corp v. Ortho Diagnostic Sys., Inc.,* 207 F.

4   3d 1126, 1130 (9th Cir. 2000) (citing *Republic of Nicaragua v. Standard Fruit Co.*, 937 F. 2d

5   469, 478 (9th Cir. 1991)).  Courts have repeatedly declared that the FAA creates a "liberal

6   federal policy favoring arbitration agreements," and have consistently required that "any doubts

7   concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H.*

8   *Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Commercial Union*

9   *Ins. Co. v. Gilbane Bldg. Co.*, 992 F.2d 386, 388 (1st Cir. 1993) (strong federal policy requires

10  courts to resolve doubts in favor of arbitration).

11          Once a Court determines that "any issue" in a suit before it is arbitrable under an

12  arbitration agreement, the FAA provides that the Court "shall on application of one of the parties

13  stay the trial of the action until such arbitration has been had in accordance with terms of the

14  agreement."  9 U.S.C. § 3; *see also Wagner v. Stratton Oakmont, Inc.,* 83 F.3d 1046, 1048 (9th

15  Cir. 1996).

16  **III.    ANALYSIS**

17          "[I]t is well settled that disputes between a member of a national stock exchange

18  and its employees are governed by the FAA where there is a binding arbitration agreement."

19  *Cione v. Forestry Equity Servs.*, 58 Cal. App. 4th 625, 633-634 (1997).  Courts have long found

20  that execution of a Form U-4 constitutes a valid arbitration agreement.  *See Kuehner v.*

21  *Dickinson & Co.*, 84 F.3d 316, 318, 321 (9th Cir. 1996) (affirming lower court's decision to

22  compel arbitration based on execution of Form U-4); *McManus v. CIBC World Markets*, 109

23  Cal. App. 4th 76, 88 (2003); *Cione*, 58 Cal. App. 4th at 634-35; *Brookwood v. Bank of America*,

24  45 Cal. App. 4th 1667, 1672, 1676 (1996); *Spellman v. Securities, Annuities & Insurance*

25  *Services*, 8 Cal. App. 4th 452, 464 (1992); *Baker v. Aubrey*, 216 Cal. App. 3d 1259, 1262, 1266

26  (1989) (construing a Form U-4 with language identical to the language quoted above in

27  Thaning's U-4 and finding that "[t]he broad language of the arbitration agreement here and the

28  strong federal policy favoring arbitration mandate the arbitrability of [plaintiff's] claim.").

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS

1   Accordingly, arbitration of employment-related claims pursuant to the Form U-4 is routinely

2   ordered by courts.  *See Cione,* 58 Cal. App. 4th at 633-634 (relying on former employee's

3   executed U-4 agreement to compel arbitration of employment claims.)

4              Plaintiff's Complaint alleges state law claims for breach of contract (third cause

5   of action), breach of implied covenant of good faith and fair dealing (fourth cause of action), and

6   fraud (sixth cause of action).  Each of these claims is subject to arbitration.  *See Spellman*, 8 Cal.

7   App. 4th at 456 (1992) (compelling arbitration under U-4 for breach of contract and breach of

8   implied covenant of good faith and fair dealing); *see also O'Donnell v. First Investors Corp.*,

9   872 F. Supp. 1274, 1276 (S.D.N.Y. 1995) (compelling arbitration under U-4 of former

10  employee's claims for (i) fraudulent misrepresentation, (ii) interference with contract, (iii) breach

11  of employment and (iv) breach of good faith).

12             Plaintiff also alleges three causes of action under the Employee Retirement

13  Income Security Act ("ERISA"), 29 U.S.C. § 1132.  Courts have held that the FAA requires

14  enforcement of an otherwise valid arbitration agreement for statutory ERISA claims.  *Fabian*

15  *Fin. Svcs. v. Kurt H. Volk, Inc. Profit Sharing Plan,* 768 F. Supp. 728, 733-34 (C.D. Cal. 1991).

16  Specifically,

17              Congress did not intend to preclude a waiver of a judicial forum
                for statutory ERISA claims.  We further hold that the FAA
18              [Federal Arbitration Act] requires courts to enforce agreements to
                arbitrate such claims.
19

20  *Id.* at 734 (quoting and citing *Bird v. Shearson Lehman/Am. Express*, 926 F.2d 116, 122 (2d Cir.

21  1991); *see also Williams v. Imhoff*, 203 F.3d 758, 767 (10th Cir. 2000); *Kramer v. Smith Barney,*

22  *Inc.*, 80 F.3d 1080, 1084 (5th Cir. 1996); *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,

23  7 F.3d 1110, 1116 (3d Cir. 1993); *Arnulfo P. Sulit, Inc. v. Dean Witter Reynolds, Inc.*, 847 F.2d

24  475, 479 (8th Cir. 1988).  Any doubts about the arbitrability of statutory ERISA claims "have

25  been put to rest" by the Supreme Court's holdings that statutory claims are arbitrable under the

26  FAA.  *Comer v. Micor, Inc.* 436 F.3d 1098, 1100 (9th Cir. 2006) (*citing Shearson/American*

27  *Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987) and *Rodriguez de Quijas v.*

28  *Shearson/American Express Inc.*, 490 U.S. 477, 481 (1989)).

A/72381240.1                                        5                                        CASE NO.: 07-5528 MJJ

1    **IV.    CONCLUSION**

2          Thaning agreed to submit disputes between himself and Defendants to binding

3    arbitration.  His agreement is enforceable and his claims are arbitrable.  Defendants' motion to

4    compel arbitration is therefore **GRANTED**.  Having found Thaning's claims subject to

5    arbitration, the Court concludes, pursuant to 9 U.S.C. § 3, that Defendants' motion to stay

6    litigation of this suit must also be **GRANTED**.

7          **IT IS SO ORDERED.**

8

9    DATED:  February    , 2008

10                                                    _____

11                                                    Hon. Martin J. Jenkins
                                                      U.S. DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A/72381240.1                          6                          CASE NO.: 07-5528 MJJ

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION
AND STAY PROCEEDINGS