Bingham McCutchen LLP
WALTER M. STELLA (SBN 148215)
walter.stella@bingham.com
JACQUELINE S. BRONSON (SBN 222169)
jacqueline.bronson@bingham.com
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286

Attorneys for Defendants
UBS Financial Services Inc. (also sued as Paine Webber) and UBS PartnerPlus Plan (erroneously sued as UBS/Paine Webber Partner's Plus)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Alva Gene Thaning,<br><br>　　　　Plaintiff,<br>　v.<br><br>UBS/Paine Webber, UBS/Paine Webber Partner's Plus, UBS Financial Services, Inc.,<br><br>　　　　Defendant. | No. 07-5528 MJJ<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**<br><br>Date:　　　February 26, 2008<br>Time:　　　9:30 a.m.<br>Place:　　　Courtroom 11, 19th Flr.<br>Judge:　　　Hon. Martin J. Jenkins |

**I.　INTRODUCTION**

　　　　Plaintiff violated this Court's Standing Order by not filing his Opposition on time. He did not ask for an extension and has presented no circumstances justifying excusable neglect. For this reason alone, Plaintiff's Opposition should be stricken by the Court, and Defendants' Motion granted.

　　　　Even if the Court considers the Opposition, the result does not change.  Plaintiff concedes he signed the Form U-4 and that it remained in effect until his termination.  Plaintiff's challenge to the Form U-4 rests upon the mistaken proposition that Item 10 is missing from the

A/72421303.4/0377878-0000329911　　　　　　　　　　　　　　　　　　　　　　　　　　　Case No.:  07-5528 MJJ
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS

1  Form and therefore the agreement is silent on what rules would apply to the arbitration.  In fact,

2  however, Item 10 is not missing - - it's on the first page and was completed by Plaintiff.

3  Moreover, Plaintiff's argument that the Form U-4 was superseded by the UBS

4  PartnerPlus Plan (the "Plan") and that Defendants UBS Financial Services Inc. (also sued as

5  UBS/Paine Webber) and UBS PartnerPlus Plan (erroneously sued as UBS/Paine Webber

6  Partner's Plus) (collectively, "UBS") somehow waived their right to compel arbitration lacks

7  merit.  Rather than serve as a basis for avoiding arbitration in this case, Plaintiff's argument goes

8  to the merits of a potential exhaustion of remedies defense by UBS.  Any waiver by UBS of

9  Plaintiff's obligation to exhaust the claims procedure under the Plan simply eliminates a

10  potential affirmative defense to Plaintiff's three causes of action under ERISA.  A waiver of the

11  Plan claims procedure does not change the analysis of whether arbitration is the appropriate

12  forum for this case pursuant to the Form U-4.  Once the appropriate forum is determined, the

13  court or arbitrator can address the merits of any affirmative defenses, including whether

14  Plaintiff's obligation to exhaust administrative remedies has been waived by UBS.

15  **II.    LEGAL ARGUMENT**

16      **A.    Plaintiff's Opposition Should Not Be Considered By The Court**

17  The Local Rules for the Northern District are clear.  Rule 7-3 provides "Any

18  opposition to a motion <u>must be served and filed</u> not less than 21 days before the hearing date."

19  (Emphasis added.)  The hearing in this case is set for February 26.  Under the Local Rules,

20  Plaintiff's Opposition was due on Tuesday, February 5, 2008.  Plaintiff did not file any

21  Opposition on that date.  (Declaration of Jacqueline S. Bronson ¶ 2.)  He did not ask for an

22  extension.  (*Id.*)  He made no showing to the Court justifying the late filing, let alone any

23  showing of excusable neglect.  Rather, Plaintiff blatantly ignored the Local Rules and this

24  Court's clear Standing Order and did not provide UBS with his Opposition until Friday,

25  February 8 - - 3 days late.[1]  (*Id.* at ¶ 3.)

26  ──────────────

27  [1] This case is subject to electronic case filing.  Rule 5-5(b) provides: "In cases subject to the Local Rules or General Orders of this Court regarding Electronic Case Filing, all pleadings and

28  (Footnote Continued on Next Page.)

A/72421303.4/0377878-0000329911                    2                    Case No.: 07-5528 MJJ

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO COMPEL
ARBITRATION AND STAY PROCEEDINGS

1    UBS requests that the Court not consider the Opposition and hereby requests the Court to strike it. *See Kona Enterprises, Inc. v. Estate of Bishop ex rel. Peters,* 243 Fed.Appx. 274, 277 (9th Cir. 2007) (not selected for publication in federal reporter, citable under Ninth Circuit Court of Appeals Rule 36-3 and Fed. Rule of Appellate Procedure 32.1) ("The district court did not abuse its discretion to striking certain exhibits that were filed four days after the deadline for filing an opposition"); *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (no excusable neglect for attorney filing motion two days late; district court abused its discretion in accepting late papers); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1519 (9th Cir. 1983) ("given the tardiness with which each of these documents was submitted, the district court acted within its discretion in rejecting both").

### B. Plaintiff's Opposition Does Not Contest The Merits Of Defendant's Arguments

As set forth more fully in UBS's moving papers, disputes between a member of one of the national stock exchanges and its employees are governed by the Federal Arbitration Act ("FAA") where there is a binding arbitration agreement. (Moving Memorandum, Page 6.) The FAA declares that agreements to arbitrate "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The Supreme Court has unanimously held that "the Act leaves no place for exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). Courts have long found that execution of a Form U-4 constitutes a valid and enforceable arbitration agreement under the FAA. (Moving Memorandum, Page 6.) Plaintiff disputes none of this.

Moreover, Plaintiff does not dispute that he executed the Form U-4 or that it remained in effect through his termination. Nor does he contest that <u>each</u> of the causes of action

---

(Footnote Continued from Previous Page.)

papers <u>must be electronically served</u> in accordance with those Rules or General Orders." (Emphasis added.) In his declaration, Plaintiff's counsel claims that he was not served with the moving papers. (Declaration of James C. Bridgman, ¶ 14.) On the contrary, Plaintiff's counsel was properly served pursuant to Local Rule 5-5(b). (Bronson Decl. at ¶ 4.)

alleged by him in this suit are properly subject to the arbitration provision of the Form U-4. (Moving Memorandum, Pages 6-7.) Thus, if this Court rejects Plaintiff's arguments, arbitration of each of Plaintiff's claims is required under the Form U-4 agreement.

    **C.    Plaintiff's Only Challenge To The Form U-4 Is Based On A Mistaken Reading Of The Agreement**

Page 4, Paragraph 5, of Plaintiff's Form U-4 explicitly provides:

> I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions, or by-laws of the organizations with which I register, as indicated in *item 10* as may be amended from time to time. (Emphasis added.)

Plaintiff argues that the Form U-4 should not lead to arbitration in this case because "item 10" is missing and "[t]here is no mention of FINRA, nor NASAD in this Form U-4 form." (Opposition, Page 7.) This statement is simply incorrect. Item 10 is on page 1 of the Form U-4. In fact, Item 10 was completed by Plaintiff wherein he identifies the entities with which he is registered: the NASD, NYSE and the State of California. FINRA, created in July 2007, is the successor entity of the consolidation of two self-regulatory organizations – the NASD and the enforcement unit of the New York Stock Exchange. (Moving Memorandum, Page 2, fn. 1.) Thus, Plaintiff's argument that there is no mention of NASD or Item 10 is supported by nothing more than a failure to correctly read the Form.

Plaintiff further argues that UBS's Exhibits B and C do not mention arbitration. Again, he is - - at best - - mistaken. Exhibits B and C to UBS's moving papers evidence that on at least two occasions Plaintiff was required to confirm in writing his obligations under the Form U-4, including his obligation to arbitrate claims with UBS. Page 2, Paragraph 1 of the Exhibits both provide that: "[y]ou are agreeing to arbitrate any dispute, claim or controversy that may arise between you and your firm…"

    **D.    Plaintiff's Waiver Argument Is Unavailing**

        **1.    The Form U-4 Was Never Superseded By Another Agreement**

Plaintiff argues that the Form U-4 was superseded by the requirement in the Plan that Plaintiff exhaust the Plan's claims procedure before filing suit. Plaintiff's argument is not

supported by law.

"When a party seeking to avoid arbitration contends that the clause providing for arbitration has been superseded by some other agreement, 'the presumptions favoring arbitrability must be negated expressly or by clear implication.'" *See e.g., First Liberty Inv. Group v. Nicholsberg*, 145 F.3d 647, 650 (9th Cir. 1998) (rejecting that later signed agreement superseded Form U-4*).* Indeed, courts have held that even later signed employer/employee agreements specifically superseding all prior agreements do not abrogate an employee's obligation to arbitrate disputes required by the Form U-4. *See e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litigation,* 924 F.Supp. 627, 635 (D.N.J.1996)(superseding employment contract after promotion did not affect Form U-4 arbitration agreement) *rev'd on other grounds,* 133 F.3d 225 (3d Cir.1998). "The Form U-4 is a separate contract, and as long as this contract is effective, the terms of the agreement must be followed, regardless of the fate of a separate, though related, agreement." *O'Donnell v. First Investors Corp*, 872 F.Supp. 1274, 1277 (S.D.N.Y. 1995). Here, Plaintiff can point to no clear and unambiguous agreement between him and UBS superseding his obligation to arbitrate under the Form U-4.

**2.    Plaintiff's Obligation To Exhaust The Plan's Claims Procedure Before Filing Suit Does Not Waive Arbitration**

Plaintiff argues without support and contrary to applicable case law that the Plan's claims procedure vitiates his Form U-4 obligation to arbitrate his claims. To support his argument, Plaintiff relies on paragraph 11.5 of the 1998 Plan, which states:

> **Exhaustion of Remedy**. No claimant may institute any action or proceeding in any state or federal court of law or equity, or before any administrative tribunal or arbitrator, with respect to benefits under the Plan, until he/she has first exhausted the procedures set forth in this Article XI.

The 2004 Plan contains a similar provision in paragraph 11.1:

> **General**. All claims for benefits under this Plan must be filed in writing with the Committee in accordance with such procedures as the Committee reasonably establishes. If any claim is wholly or partially denied, any challenge of such denial must be pursued in accordance with the arbitration provisions of Section 11.2.

1   (Ex. D to UBS's moving Papers, at p.18, ¶ 11.2).[2]

2   Neither Plan version extinguishes Plaintiff's obligations to arbitrate this case.
3   Instead, both Plan versions impose a duty upon Plaintiff to exhaust administrative remedies. If
4   Plaintiff failed to do so, UBS could raise an affirmative defense in court or arbitration that
5   Plaintiff's ERISA claims are barred for failing to exhaust administrative remedies. *See, eg.,*
6   *Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 983 (9th Cir. 2005) ("…a claimant must
7   exhaust her plan's administrative review procedures before she may bring suit in federal
8   court…"); *Horan v. Kaiser Steel Retirement Plan*, 947 F.2d 1412, 1416 (9th Cir. 1991) ("A
9   beneficiary seeking a determination of rights or benefits under a plan must first exhaust the
10  administrative remedies provided by the plan"). Likewise, if UBS is found to have waived or
11  failed to follow the Plan procedures, Plaintiff may be allowed to proceed to litigate the merits of
12  his ERISA claims without being required to exhaust his administrative remedies first. S*ee e.g.,*
13  *Shepherd v. Worldcom, Inc,.* 2005 WL 3844069, 8 (S.D.Tex.,2005) (decided under ERISA)
14  (discussing how failure to exhaust administrative plan remedies is an affirmative defense that can
15  be waived if the company fails to follow exhaustion process but finding no estoppel based on the
16  facts of the case); *Bourgeois v. Pension Plan for Employees of Santa Fe Intern. Corporations,*
17  215 F.3d 475, 482 (5th Cir. 2000)(same legal proposition).

18  In short, waiver or failure to follow the Plan claims procedure does not mean
19  waiver of the mandatory arbitration requirements under the Form U-4 as Plaintiff argues. At
20  most, even if successful, Plaintiff's waiver argument does little more than estop UBS from
21  arguing that Plaintiff failed to exhaust administrative remedies. It has no impact on his
22  obligations to arbitrate the claims in this case pursuant to the Form U-4.

23  **3.    The Plan's Claim Procedures And Form U-4 Both Require Binding Arbitration Under The FINRA Rules**

24  Contrary to what Plaintiff argues in his Opposition, invoking the Plan's claims

---

[2] For purposes of this Motion, it does not matter which Plan applies. The mere existence of a claims procedure in any version of the Plan does not supersede the Form U-4 Agreement's obligation to arbitrate.

1  procedures under any version of the Plan leads to the same outcome - - both the 1998 and 2004
2  versions of the Plan require <u>binding</u> arbitration under FINRA's arbitration rules. Section 11.4 of
3  the 1998 Plan attached as Exhibit B to Plaintiff's Complaint provides in paragraph 11.4:

> **Arbitration**. Subject to exhaustion of the procedures specified in Sections 11.1 through 11.3 hereof, in the event of any dispute, claim, or controversy involving a Participant or any other claimant and the Plan, or PaineWebber or any Sponsor, arising out of the Plan, <u>any such controversy should be resolved before an NASD arbitration panel in accordance with the arbitration rules of the NASD.</u> (Emphasis added.) (Complaint, Exh. B.)

Likewise, the Plan in effect at the time of Thaning's termination also requires that he submit his claims to binding arbitration. Specifically, Page 18, Paragraph 11.2 states:

> **Arbitration.** Subject to exhaustion of the procedures set forth in Section 11.1, in the event of any dispute, claim or controversy involving a Participant or any other claimant and the Plan, or UBS Financial Services or any Sponsor, arising out of the Plan, <u>any such controversy shall be resolved before an NASD arbitration panel in accordance with the arbitration rules of the NASD</u>. (Emphasis added.)

(O'Connell Dec., ¶ 5, Ex. D.) The applicable FINRA arbitration rules mandate binding and final arbitration. *See* NASD Code of Arbitration Procedure for Industry Disputes Rule 13904(b) ("Unless the applicable law directs otherwise, all awards rendered under the Code are final and are not subject to review or appeal"). Plaintiff's contention that the Plan's complaint procedures provide for non-binding arbitration is simply wrong.

**III.  CONCLUSION**

Plaintiff's late Opposition should not be considered and should be stricken. Even if the Court considers his Opposition, the result does not change. Plaintiff undeniably executed a Form U-4 which requires arbitration of the claims raised in this suit, and he reaffirmed this obligation on at least two occasions. Plaintiff's mistaken assertion that the Form U-4 is missing Item 10 or that UBS waived its ability to compel Plaintiff's obligations to exhaust the claims procedure under the Plan, does not change this fact.

//

1 | Accordingly, the Court should compel arbitration and stay this entire action
2 | pending binding arbitration.

DATED: February 12, 2008

Bingham McCutchen LLP

By:     /s/ Walter M. Stella
Walter M. Stella
Attorneys for Defendants
UBS Financial Services Inc. (also sued as Paine Webber) and UBS PartnerPlus Plan
(erroneously sued as UBS/Paine Webber Partner's Plus)