1  Bingham McCutchen LLP
   WALTER M. STELLA (SBN 148215)
2  walter.stella@bingham.com
   JACQUELINE S. BRONSON (SBN 222169)
3  jacqueline.bronson@bingham.com
   Three Embarcadero Center
4  San Francisco, CA  94111-4067
   Telephone:  415.393.2000
5  Facsimile:  415.393.2286

6  Attorneys for Defendants
   UBS Financial Services Inc. (also sued as Paine
7  Webber) and UBS PartnerPlus Plan (erroneously sued as
   UBS/Paine Webber Partner's Plus)

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  Alva Gene Thaning, | No. 07-5528 PJH |
| 13          Plaintiff, | **PLAINTIFF ALVA GENE THANING AND DEFENDANTS UBS/PAINE WEBBER, UBS/PAINE WEBBER PARTNER'S PLUS, UBS FINANCIAL SERVICES, INC.'S JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| 14     v. | |
| 15  UBS/Paine Webber, UBS/Paine Webber Partner's Plus, UBS Financial Services, Inc., | |
| 16 | |
| 17          Defendant. | Date:     March 13, 2008 |
| 18 | Time:     2:30 p.m.<br>Place:    Courtroom 3 17th Flr.<br>Judge:    Hon. Phyllis J. Hamilton |

19

20

21         Except as otherwise stated, Plaintiff Alva Gene Thaning ("Thaning" or

22 "Plaintiff") and Defendants UBS Financial Services Inc. (also sued as UBS/Paine Webber) and

23 UBS PartnerPlus Plan (erroneously sued as UBS/Paine Webber Partner's Plus) (collectively,

24 "UBS" or "Defendants") jointly submit this Case Management Statement and request the Court

25 to adopt it as its Case Management Order in this case.

26 //

27 //

28 //

A/72447648.2/0377878-0000329911                                              07-5528 PJH

## I. JURISDICTION AND SERVICE

Plaintiff contends that this Court has jurisdiction over this case based on his two causes of action under ERISA pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1337. Defendants contend, as detailed in Defendants' Motion to Compel Arbitration, that this action is not properly before the Court and instead must be referred to binding arbitration.

There are no unserved parties.

## II. FACTS

### A. Brief Factual Background

Plaintiff worked for UBS from December 7, 1987 through his termination on January 19, 2005 as a financial advisor providing financial and investment services to UBS Northern California clients. Plaintiff participated in Defendants' PartnerPlus retirement plans throughout his employment.

Plaintiff contends that he has not been provided all of his vested firm contributions or interest and dividends under the PartnerPlus Plan. He further claims that his termination was wrongful on the theory that Defendants terminated him in order to deny him benefits under the PartnerPlus Plan. Plaintiff brings the following six causes of action: (1) ERISA - payment of vested firm contributions; (2) ERISA - wrongful termination; (3) breach of contract; (4) breach of the covenant of good faith and fair dealing; (5) breach of fiduciary duty; and (6) fraud and deceit.

Defendants deny all of Plaintiff's allegations. Defendants contend that UBS terminated Plaintiff's employment for improperly signing a client's name to a document and misrepresenting his conduct in response to an investigation by management regarding the matter. Defendants contend that upon his termination, Plaintiff was paid all vested contributions, interest or dividends owed to him under the Plan and Company records so demonstrate.

Further, as detailed in Defendants' Motion to Compel Arbitration, Defendants contend that this action must be referred binding to arbitration. Defendants contend that Plaintiff executed a separate agreement in which he voluntarily agreed to arbitrate the claims in his Complaint. Specifically, upon his registration as a securities representative in 1987, Plaintiff

voluntarily signed a Uniform Application for Securities Industry Registration or Transfer ("Form U-4"), in which he agreed to arbitrate any claims or disputes arising between him, his member firm and any persons associated with his member firm, and reaffirmed that commitment on at least two occasions. Defendants also contend that Plaintiff failed to exhaust his administrative remedies under the PartnerPlus Plan. Plaintiff contends that the 1998 PartnerPlus Plan controls this case and that Plan calls for non-binding arbitration.

### B. Principal Factual Issues In Dispute

The principle facts underlying this lawsuit are generally not in dispute.

## III. LEGAL ISSUES

The principal legal issues in dispute are:

1. Whether the Federal Arbitration Act, 9 U.S.C. § 2, and Plaintiff's signed Form U-4s require all of Plaintiff's claims to be submitted to binding arbitration. Further, if the Form U-4 does not mandate that Plaintiff's entire action be submitted to binding arbitration, whether the applicable PartnerPlus Plan requires binding or nonbinding arbitration.

2. Whether Defendants breached ERISA 29 U.S.C. §§ 1001 *et seq.* by failing to provide Plaintiff with all vested firm contributions due him upon termination.

3. Whether Defendants terminated Plaintiff in violation of ERISA.

4. Whether Plaintiff had an employment contract with Defendants and, if so, whether that contract was breached.

5. Whether Plaintiff had an employment contract with Defendants and, if so, whether Defendants breached the covenant of good faith and fair dealing.

6. Whether Defendants breached a fiduciary duty owed to Plaintiff by not paying him all vested contributions due upon termination.

7. Whether Plaintiff exhausted his remedies under the PartnerPlus Plan.

## IV. MOTIONS

Currently pending before the Court is Defendants' Motion to Compel Arbitration and Stay Proceedings. The original February 26 hearing date was vacated by this Court. Defendants request a new hearing date be set as soon as this Court's calendar will

allow. In the event this Court denies Defendants' motion, both parties plan to file a summary judgment motion, or partial summary judgment motion.

## V.   AMENDMENT OF PLEADINGS

Plaintiff does not currently plan to amend the Complaint. Defendants filed a Motion to Compel Arbitration stay proceedings in this case. Defendants have not filed an Answer in this case.

## VI.   EVIDENCE PRESERVATION

Both parties are preserving evidence relevant to the issues reasonably evident in this action.

## VII.   DISCLOSURES

The parties have not exchanged initial disclosures. If the Court denies Defendants' Motion to Compel, the parties agree to exchange initial disclosures within 30 days of such an order.

## VIII.   DISCOVERY PLAN

Neither party has conducted discovery in this action. The parties agree discovery will be needed on the following issues: (1) Plaintiff's work history, performance and employment with Defendants; (2) Plaintiff's personnel information, including information relating to job duties and pay; (3) Defendants' decision to and reasons for Plaintiff's termination; (4) whether Plaintiff had any employment agreements with Defendants; (5) the benefits plans Plaintiff participated in; (6) the amount of benefits Defendants have paid out to Plaintiff to date pursuant to the PartnerPlus Plan; (7) whether Plaintiff mitigated damages; and (8) whether Plaintiff exhausted the PartnerPlus Plan's administrative procedures. By this agreement, no party waives the right to seek or oppose discovery on or beyond these limitations as the case progresses.

The parties are unaware of any issues that remain unresolved regarding discovery, including electronic discovery, at this point although such issues may become apparent through the discovery process. The parties also are unaware at this point of any unresolved issues about claims of privilege or of protection as trial-preparation materials.

If some or all of the claims remain in litigation, Plaintiff and Defendants agree that, at this time, they will adhere to the limitations on discovery imposed by the Federal Rules of Civil Procedure and Local Rules. The parties further agree that they will adhere to the limitations on expert witness information exchange imposed by the Federal Rules of Civil Procedure and Local Rules. By this agreement, no party waives the right to seek or oppose discovery beyond these limitations as the case progresses.

Plaintiff and Defendants agree to the following proposed discovery/pre-trial schedule:

| Event | Date |
| --- | --- |
| Pretrial motions | All pretrial motions shall be filed in accordance with the Local Rules on a Wednesday. A motion shall be noticed pursuant to the Local Rules. |
| Expert disclosures and exchange of reports | (10 days after a trial date is set or 70 days before trial, whichever is later) |
| Rebuttal expert disclosures and exchange of reports | (20 days after the original disclosures) |
| Discovery cut-off | (30 days before trial except as to experts which will be 15 days before trial) |
| Last day to file dispositive motions | (120 days before trial) |
| Hearing on dispositive motions | (90 days prior to trial; on a Wednesday) |
| Meet and confer regarding joint proposed final pretrial order | (55 days before trial) |
| File joint proposed final pretrial order and other pretrial submissions | (45 days before trial) |
| File motions *in limine* | (45 days before trial) |
| File opposition to motions *in limine* | (30 days before trial) |
| File trial briefs | (30 days before trial) |
| File joint and/or separate proposed voir dire | (30 days before trial) |

| Joint proposed jury instructions | (30 days before trial) |
|---|---|
| Joint proposed verdict forms | (30 days before trial) |
| Pretrial Conference | (30 days before trial) |
| Final Pretrial Conference | (4 days before trial) |
| Trial | April 2009 |

## IX.   CLASS ACTION

This case is not a class action.

## X.   RELATED CASES

There are no related cases.

## XI.   DAMAGES

Plaintiff seeks $304,927.38 plus interest in alleged benefits owed to him under the PartnerPlus Plan. Plaintiff contends that this amount represents the vested firm contributions owed to him. Plaintiff also seeks $750,000 for five years of alleged lost employment and $200,000 for alleged lost vested retirement benefits. Plaintiff further seeks $1,000,000 based upon his breach of the covenant of good faith and fair dealing, breach of fiduciary duty, and fraud claims.

## XII.   SETTLEMENT AND ADR

The parties have not agreed to participate in ADR. The parties have met and conferred regarding arbitration but failed to reach an agreement. Defendants contend that this case is required to be resolved by binding arbitration and thus has filed the pending motion. Plaintiff contends that this case should be tried by the Court or sent to non-binding arbitration.

## XIII.   MAGISTRATE JUDGE

The parties do not consent to a magistrate judge.

## XIV.   OTHER REFERENCES

Defendants request that this Court refer the case to binding arbitration. Plaintiff contends that this case should be tried by the Court or sent to non-binding arbitration.

### XV.  NARROWING OF ISSUES

To the extent some or all the claims asserted in the Complaint remain in litigation, Defendants believe that the claims may be narrowed on summary judgment.

### XVI.  EXPEDITED SCHEDULING

The parties do not believe that this case can be handled on an expedited basis with streamlined procedures.

### XVII.  SCHEDULING

Please see above in the discovery section.

### XVIII.  TRIAL

Plaintiff requested a jury trial.  The parties anticipate the trial in this matter will last 10 Court days.  The parties request a trial date in April 2009.

### XIX.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16 and Rule 7.1 of the Federal Rules of Civil Procedure, Defendants certify that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Defendant UBS Financial Services Inc., (also sued as UBS/Paine Webber) ("UBSFS") is a wholly owned subsidiary of UBS Americas Inc.  UBS Americas Inc. owns 100% of the stock of UBSFS.

2. UBS Americas Inc. -- the parent company of UBSFS -- is a wholly owned subsidiary of UBS AG.

3. The following entities are subsidiaries of UBSFS:  (a) Paine Webber Properties Incorporated; (b) UBS Financial Services Insurance Agency Inc.; (c) UBS Financial Services Incorporated of Puerto Rico; (d) UBS Insurance Agency of Puerto Rico Incorporated; (e) Wall Street Realty Corporation; and (f) Blyth Eastman Paine Webber Servicing Inc.

**XX.   OTHER MATTERS**

The parties are not aware of any other matters not already brought to the Court's attention in this Joint Statement.

DATED:  March 4, 2008

Bingham McCutchen LLP

By: _____/s/ Walter M. Stella_____
Walter M. Stella
Attorneys for Defendants
UBS Financial Services Inc. (also sued as Paine Webber) and UBS PartnerPlus Plan (erroneously sued as UBS/Paine Webber Partner's Plus)

DATED:  March 4, 2008

ASPELIN & BRIDGMAN

By: _____/s/ James C. Bridgman_____
James C. Bridgman
Attorneys for Plaintiff
Alva Gene Thaning